UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 15-cr-0083 (WMW/JSM) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |
| Jose Ricardo Ocanas, | |
| Defendant. | |

---

This matter is before the Court on Defendant Jose Ricardo Ocanas's *pro se* motion for compassionate release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 57.) Ocanas seeks a reduction in his prison sentence because of the dangers posed by COVID-19. Plaintiff United States of America opposes Ocanas's motion. For the reasons addressed below, Ocanas's motion is denied.

## BACKGROUND

In May 2015, Ocanas pleaded guilty to one count of conspiracy to distribute methamphetamine. In December 2015, this Court sentenced Ocanas to 270 months' imprisonment, with 5 years of supervised release to follow. Ocanas is incarcerated at the Federal Correctional Institution in Greenville, Illinois (FCI Greenville), and is projected to be released on June 16, 2034. Ocanas has served less than one-third of his sentence.

Ocanas submitted a compassionate-release request to the Federal Bureau of Prisons (BOP) on May 29, 2020. According to Ocanas, the BOP has not responded to his request. On June 10, 2020, Ocanas filed a *pro se* motion for compassionate release with the Court.

In his motion, Ocanas argues that, in light of the ongoing COVID-19 pandemic, his health is at high risk because he is 56 years old, has hepatitis C, and has "a family history of diabetes, asthma, and cancer."[1]  On June 25, 2020, the Office of the Federal Defender filed a letter declining to represent Ocanas, and the Court has not appointed counsel.  Ocanas seeks immediate release from his sentence of imprisonment.

## ANALYSIS

### I. Legal Standard

A district court "may not modify a term of imprisonment once it has been imposed" unless a specific statutory exception applies.  18 U.S.C. § 3582(c).  The compassionate-release provision of the First Step Act is one such statutory exception.  *See* 18 U.S.C. § 3582(c)(1)(A).  Section 603(b) of the First Step Act amends 18 U.S.C. § 3582 and allows a defendant in a criminal case to petition a district court directly for compassionate release.  First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).[2]

A district court may reduce a defendant's term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a

---

[1]  Although Ocanas was 55 years old when he filed his compassionate-release motion, the record reflects that Ocanas is now 56 years old.

[2]  A defendant may move the district court for a sentence reduction only after first exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).  Prior to the United States filing its motion, there was no evidence in the record demonstrating that Ocanas had exhausted his administrative rights.  With his reply brief, however, Ocanas provided evidence that he petitioned the warden for compassionate release on May 29, 2020.  There is no evidence that the BOP has replied.  Therefore, the motion is properly before the Court.

2

reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i), (ii).  When determining whether to grant a sentence reduction, a district court also must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." *Id.* § 3582(c)(1)(A).  Congress has authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).[3]

The burden rests with the defendant to show that he or she is entitled to a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).  A district court considers three factors when evaluating a compassionate-release motion: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a sentence reduction is consistent with the Sentencing Commission's policy statement, including whether the prisoner is a danger to the safety of any other person or to the community; and (3) whether any sentencing factors articulated in 18 U.S.C. § 3553(a), to the extent they

---

[3] The Sentencing Commission's policy statement addressing sentence reductions under Section 3582(c)(1)(A) provides that, after considering the Section 3553(a) factors, a district court may reduce a defendant's term of imprisonment if the court finds that (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) "the reduction is consistent with this policy statement." *U.S. Sentencing Guidelines Manual* (U.S.S.G.) § 1B1.13.  The Sentencing Commission defines "extraordinary and compelling reasons" to include (1) medical conditions that substantially diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration of physical or mental health, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. *Id.*, cmt. 1(A)–(D).

are applicable, weigh in favor of a sentence reduction. *See United States v. Rodd*, 966 F.3d 740, 746–48 (8th Cir. 2020); *see also United States v. Bellamy*, No. 15-165(8) (JRT/LIB), 2019 WL 3340699, at *2, *5 (D. Minn. July 25, 2019); *U.S. Sentencing Guidelines Manual* (U.S.S.G.) § 1B1.13.

## II.     Extraordinary and Compelling Reasons

Ocanas contends that his age and his infection with hepatitis C, a contagious liver disease, are extraordinary and compelling reasons that warrant a reduction in his sentence.[4] The United States disagrees.

An inmate's medical conditions can prove sufficiently extraordinary and compelling to justify a sentence modification. *See* U.S.S.G. § 1B1.13 cmt. 1(A) (providing that extraordinary and compelling reasons may exist if the defendant's medical conditions are "serious and advanced . . . with an end of life trajectory" or serious enough that they "substantially diminish[ ] the ability of the defendant to provide self-care" within the facility and "from which he or she is not expected to recover"). An inmate's serious medical condition "in combination with" additional reasons also may justify a sentence reduction. U.S.S.G. § 1B1.13 cmt. 1(D).

Courts that have considered compassionate-release motions in the context of the COVID-19 pandemic have required an inmate to demonstrate both a "particularized

---

[4] In his *pro se* motion, Ocanas also argues that his potential cirrhosis and family history of diabetes, asthma, cancer, and high blood pressure are relevant to the Court's analysis. However, he has not demonstrated how these conditions, of which there is no evidence that he has been diagnosed, address his particularized susceptibility to COVID-19. Accordingly, the Court limits its analysis to the medical conditions about which there is evidence of Ocanas's diagnosis.

susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (collecting cases); *accord United States v. Reiter*, No. 18-37(2) (ADM), 2020 WL 6136124, at *2 (D. Minn. Oct. 19, 2020) (same).  The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  The Court addresses, in turn, whether Ocanas has demonstrated a particularized susceptibility to COVID-19 and a particularized risk of contracting COVID-19 at FCI Greenville.

### A.  Particularized Susceptibility

Ocanas contends that he is particularly susceptible to COVID-19 because he is 56 years old and he suffers from hepatitis C.  The United States argues that Ocanas's health conditions are not sufficient to establish an extraordinary and compelling reason to grant compassionate release.  Consideration of each circumstance follows.

        **1.**     **Age-Related Risk**

According to the Centers for Disease Control and Prevention (CDC), "the risk for severe illness with COVID-19 increases with age." CDC, *Older Adults* (Updated Dec. 13, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/olderadults.html (last visited Jan. 21, 2021). In particular, the CDC observes that the "greatest risk for severe illness from COVID-19 is among those aged 85 or older," and "people in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s." *Id.* The CDC provides the following graphic summary of COVID-19 hospitalizations and deaths by age group:



*Id.* At age 56, Ocanas falls at the low end of the CDC's fourth-oldest age group, which places him at an increased risk of contracting COVID-19 but significantly below the three highest-risk age groups. The Court acknowledges that identifying which age group constitutes an intolerable level of risk is an imprecise exercise. However, based on

6

Ocanas's documented medical conditions, as addressed below, he does not suffer from any specific health condition that is an extraordinary and compelling reason to grant compassionate release. Therefore, his age is not a sufficient basis to warrant release. *See United States v. Lara-Villaruya*, No. 3:18-cr-03425-GPC, 2020 WL 6395876, at *4 (S.D. Cal. Nov. 2, 2020) (finding that defendant who was 59 years old, without any health conditions that place him at a higher risk of illness from COVID-19, may not use age alone to justify compassionate release).

### 2. Underlying Health Condition: Hepatitis C

The Court next considers whether Ocanas's hepatitis C condition presents an extraordinary and compelling reason to grant compassionate release. According to the CDC, there is no available scientific information as to "whether people with hepatitis B or hepatitis C are at increased risk" for contracting COVID-19 or experiencing severe medical consequences from COVID-19. CDC, *What to Know About Liver Disease and COVID-19* (Updated May 5, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last visited Jan. 21, 2021). Particularly, the CDC opines that people with liver disease "*might* be at higher risk for severe illness from COVID-19." *Id*. (emphasis added). But Ocanas does not present evidence that he suffers from a diagnosed liver disease. And courts across the nation have found that hepatitis C, without other aggravating conditions, is insufficient to establish an extraordinary or compelling reason to grant release. *See, e.g.*, *United States v. Moses*, No. 1:99-cr-027, 2020 WL 7480899, at *3–4 (S.D. Ohio Dec. 18, 2020) (observing that "[h]epatitis-C and bronchitis are not on the CDC's list of medical conditions that cause or might cause an increased risk

for severe illness" and concluding that defendant's age of 66 and medical conditions did not constitute extraordinary or compelling reasons warranting early release); *United States v. Roberts*, No. 8:15-cr-356-T-36CPT, 2020 WL 7425273, at *3 (M.D. Fla. Dec. 18, 2020) (concluding that defendant's hepatitis C "does not constitute a terminal illness and does not diminish [d]efendant's ability to care for himself in the prison setting"); *United States v. Davis*, No. 7:08-CR-81-BR, 2020 WL 7408729, at *2 (E.D.N.C. Dec. 17, 2020) (denying defendant's motion for compassionate release and observing that, because "[d]efendant's medical records do not indicate that he has cirrhosis of, or other damage to, the liver or that he is currently being treated with any immunosuppressing drugs[,] . . . his hepatitis, while certainly serious, appears under control").

Although the record reflects that Ocanas may have been told at an unspecified point in time "that his liver is nearing cirrhosis," the medical records before the Court do not include a cirrhosis diagnosis. The Court concludes that Ocanas's hepatitis C infection, on its own or in conjunction with his age, does not demonstrate that Ocanas is particularly susceptible to severe illness arising from COVID-19.

### B.     Particularized Risk at FCI Greenville

Ocanas also contends that he has a particularized risk of contracting COVID-19 at FCI Greenville because the policies and procedures FCI Greenville has implemented to address the COVID-19 risks are inadequate.

Courts in this District have denied motions for compassionate release when evidence demonstrates that the BOP facility at issue has instituted COVID-19 policies to keep prisoners reasonably safe, the BOP facility has been successful at preventing the

spread of the virus, and the defendant's ability to provide self-care is not substantially diminished. *See, e.g.*, *United States v. Hutterer*, No. 11-139 (PAM), 2020 WL 4813357, at *3 (D. Minn. Aug. 19, 2020) (denying motion for compassionate release despite defendant's serious medical conditions when BOP facility had one active COVID-19 case among inmates and one active COVID-19 case among staff); *United States v. Bledsoe*, No. 19-cr-00036 (SRN/HB), 2020 WL 4559424, at *4 (D. Minn. Aug. 7, 2020) (denying motion for compassionate release despite defendant's diabetes, obesity, and hypertension because the BOP facility had been "largely successful at stopping the spread of the virus"); *see also United States v. McKee*, No. 18-219 (PAM), 2020 WL 5269969, at *2 (D. Minn. Sept. 4, 2020) (denying motion for compassionate release despite defendant's serious medical conditions when 84 inmates had tested positive for COVID-19 and three had died, but the BOP facility had implemented COVID-19 policies such that "cases appear to be remaining stable or improving").

Ocanas contends that "[f]ederal prisons do not have sufficient medical staff or treatment facilities to provide proper care." But he fails to substantiate these vague allegations. Contrary to his assertions, the BOP has taken numerous measures to prevent a COVID-19 outbreak within its facilities. These measures include limiting social visits, legal visits and inmate facility transfers; requiring enhanced staff health screening and temperature checks; implementing coronavirus-specific protocols, such as screening new inmates, quarantining asymptomatic inmates with exposure risk factors, and isolating and testing symptomatic inmates with exposure risk factors; and modifying operations to maximize social distancing and to limit group gatherings. *See* BOP, *BOP Modified*

*Operations* (Updated Nov. 25, 2020), https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Jan. 21, 2021).

FCI Greenville has reinstated social visitation, but the institution has enacted strict visitation rules to ensure the safety of prisoners. These rules include checking the temperature of all visitors; mandating the use of personal protective equipment (PPE) by staff; enforcing social distancing; and providing alcohol-based sanitizer at all entrances and exits. *See* FCI Greenville, *Visiting Procedures* (Sept. 24, 2020), https://www.bop.gov/locations/institutions/gre/gre_tvp.pdf (last visited Jan. 21, 2021). While the BOP's policies at FCI Greenville have not prevented the spread of COVID-19, they have effectively protected the lives of their inmates and staff. The BOP reports that FCI Greenville currently has 91 active cases of COVID-19 among inmates, 684 inmates who have recovered, and zero COVID-19 deaths among inmates. *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Jan. 21, 2021). Also, the BOP reports that FCI Greenville has 15 active cases of COVID-19 among prison staff, 60 staff members who have recovered, and zero COVID-19 deaths among prison staff. *Id.*

District courts have recently denied motions for compassionate release involving FCI Greenville, specifically concluding that FCI Greenville has implemented sufficient protocols to protect inmates against the effects of COVID-19. *See, e.g.*, *United States v. Malone*, No. 09-20159-01-KHV, 2020 WL 7056100, at *1 (D. Kan. Dec. 2, 2020) (concluding that defendant's age, health conditions, and the conditions at FCI Greenville did not constitute extraordinary and compelling reasons warranting release); *United States v. Hodges*, No. 4:14-CR-28(13), 2020 WL 7047304, at *5 (E.D. Tex. Nov. 30, 2020)

("Thus, it appears that [FCI Greenville] is handling the outbreak appropriately and providing adequate medical care."). Based on the totality of evidence presented, the BOP policies and protocols enacted at FCI Greenville are sufficient to conclude that Ocanas is not at a particularized risk of contracting COVID-19.

In summary, Ocanas has not met his burden to establish that extraordinary and compelling reasons warrant his release because Ocanas has not shown either a particularized susceptibility to COVID-19 or a particularized risk of contracting COVID-19 at FCI Greenville. Moreover, Ocanas has not demonstrated that any applicable Section 3553(a) factors warrant releasing Ocanas when, to date, he has served less than one-third of his prison sentence. For all these reasons, the Court denies Ocanas's motion for compassionate release.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jose Ricardo Ocanas's motion for compassionate release from custody, (Dkt. 57), is **DENIED**.

Dated: February 2, 2021					s/Wilhelmina M. Wright
							Wilhelmina M. Wright
							United States District Judge